# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-1337-ADA |
| | § | |
| VIASAT, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

# MOTION TO DISMISS BY DEFENDANT VIASAT, INC. FOR
# FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)

# **TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.     American Patents Files and Serves Its Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.     American Patents Dismisses Without Prejudice Some (But Not All) Claims of Indirect and Willful Infringement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     American Patents Fails to State a Claim of Direct Infringement . . . . . . . . . . . . . . . . . . . . 2

     A.     The Complaint Ties Its Allegations Only to an Alleged Wi-Fi Standard, Without Alleging That the Accused Products Actually Do Anything. . . . . . . . . . . . . . . . . 3

     B.     The Complaint's Allegations Fail on Their Own Terms . . . . . . . . . . . . . . . . . . . . . 6

II.     American Patents Fails to State a Claim of Indirect Infringement . . . . . . . . . . . . . . . . . . . 8

     A.     Indirect and Willful Infringement Claims Require Direct Infringement. . . . . . . . 8

     B.     American Patents Fails to Allege Any Facts About Indirect Infringement . . . . . . 8

          i.     The Complaint Includes No Facts to Support Alleged Inducement . . . . . . 9

          ii.     The Complaint Fails to Support Contributory Inducement. . . . . . . . . . . . . 10

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

|  |  |
|---|---|
| *Cases* | **Pages** |

*Artrip v. Ball Corp.*,
    735 Fed. App'x 708 (Fed. Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Atlas IP, LLC v. Exelon Corp.*,
    189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom., Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 3

*BillJCo, LLC v. Apple Inc.*,
    No. 14-134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) . . . . . . . . . . . . . . . .8, 9, 10, 11

*De La Vega v. Microsoft Corporation*,
    No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) . . . . . . . . . . . . . . . . . . . . 2, 3

*Fujitsu Ltd. v. Netgear, Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*
    No. 14-134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015). . . . . . . . . . . . . . . . . . . . . . 8

*Laguna Hermosa Corp. v. United States,*
    671 F.3d 1284 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 19-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) . . . . . . . . . . . . . . . . . . . . . 8

*Quanta Comput., Inc. v. LG Elecs., Inc.*,
    553 U.S. 617 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES (CONTINUED)

*Statutes* **Pages**

35 U.S.C. § 271(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Other Proceedings*

*American Patents LLC v. Advantech Co., Ltd.*,
    No. 21-1331 (W.D. Tex. Dec. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*American Patents LLC v. Edimax Tech. Co., Ltd.*,
    No. 21-855 (E.D. Tex. Oct. 25, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*American Patents LLC v. Grande Commc'ns Networks, LLC*,
    No. 21-1332 (W.D. Tex. Dec. 21, 2021. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*American Patents LLC v. Legrand SA*,
    No. 21-1333 (W.D. Tex. Dec. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*American Patents LLC v. Moxa Inc.*,
    No. 21-1335 (W.D. Tex. Dec. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*American Patents LLC v. Newell Brands Inc.*,
    No. 21-636 (W.D. Tex. Jun. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*American Patents LLC v. Polycom, Inc.*,
    No. 21-742 (W.D. Tex. Jul. 20, 2021); . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . 4

*American Patents LLC v. Seiko Epson Corp.*,
    No. 21-718 (E.D. Tex. Sept. 15, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*American Patents LLC v. Xerox Corp.*,
    No. 21-638 (W.D. Tex. Jun. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

## INTRODUCTION

American Patents has failed to properly accuse Viasat of infringement, and so the Court should dismiss its complaint. American Patents accuses Viasat of infringement through compliance with WiFi standards, but the complaint fails to cite to authoritative standards documents, fails to allege that Viasat's products actually practice any particular standard, and cites to documents that merely discuss optional implementations, and thus cannot support a standards-based claim of infringement. These failures infect allegations of infringement of all four patents-in-suit, and provide sufficient basis to dismiss all of the complaint.

Even on their own terms, however, American Patents' claims fail. Assuming that the complaint correctly describes the actual behavior of Viasat's products, the allegations still confirm that Viasat cannot infringe because, for example, the claims specifically require two stations talking to each other, but American Patents accuses only individual products. Although these failures are individual to the patents-in-suit, they again provide sufficient basis to dismiss all of the complaint.

Finally, American Patents continues to pursue claims of indirect infringement starting on the filing date, but has not met this Court's requirements, recently set forth in *BillJCo, LLC v. Apple Inc.*, for doing so.

## BACKGROUND

**A.    American Patents Files and Serves Its Complaint**

On December 21, 2021, plaintiff American Patents, Inc. ("American Patents") filed its complaint against defendant Viasat, Inc. ("Viasat"). Docket No. 1. The complaint alleges

– 1 –

infringement of U.S. Patent Nos. 7,088,782; 7,310,304; 7,706,458 and 6,847,803.  On February 2, 2022, American Patents extended Viasat's time to respond until today.  Docket No. 10.

**B.      American Patents Dismisses Without Prejudice Some (But Not All) Claims of Indirect and Willful Infringement**

As required by the Order Governing Proceedings, the parties met and conferred to discuss dismissal without prejudice of the complaint's allegations of willful and indirect infringement. Plaintiff American Patents agreed "to filing a joint notice of partial dismissal of American's claims of pre-filing indirect and willful infringement, without prejudice, with leave to re-plead those allegations with specificity within three months after fact discovery opens," but "would not agree to dismiss claims of post-filing indirect and willful infringement."  Ex. A; *see* Docket No. 11.  U.S. Patent No. 6,847,803 expired before American Patents filed suit, so the remaining allegations of indirect and willful infringement concern only the other three patents-in-suit.

### ARGUMENT

**I.      American Patents Fails to State a Claim of Direct Infringement**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not met unless the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *De La Vega v. Microsoft Corporation,* No. 19-612, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020) (quoting *Iqbal*, 556 U.S. at 678). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *De La Vega*, 2020 WL 3528411, at *2 (quoting *Iqbal*, 556 U.S. at 662).  Under this standard, courts dismiss claims "when the facts asserted do not give rise to a

legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citations omitted).  The *Twombly/Iqbal* "plausibility standard applies to direct infringement claims." *Artrip v. Ball Corp.*, 735 Fed. App'x 708, 715 n.4 (Fed. Cir. 2018) (citing *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017)).  When a plaintiff seeks to plead direct infringement of a method claim, *Twombly* and *Iqbal* require, at minimum, that "the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed.'" *De La Vega*, 2020 WL 3528411, at *4 (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017)).  For the reasons explained below, American Patents fails this test.

> **A.    The Complaint Ties Its Allegations Only to an Alleged Wi-Fi Standard, Without Alleging That the Accused Products Actually Do Anything**

The complaint rests entirely on what American Patents claims are governing Wi-Fi standards.  American Patents alleges that Viasat's accused products transmit certain information in a certain order, so it could have tested the accused products to determine if its allegations were correct.  Instead, American Patents pointed either to a supposed PDF copy of the governing IEEE standard using a dead URL link, or referred to an asserted standards document without linking to or providing any document.  For several reasons, these allegations are insufficient.

American Patents' allegations regarding three patents—'782, '304 and '458—depend on citation to the dead link http://luci.subsignal.org/~jow/802.11n-2009.pdf.  This link was dead for at least two months before American Patents filed this case, as American Patents knew because another defendant raised it in a motion to dismiss. *American Patents LLC v. Xerox Corp.*, No. 21-638, Docket No. 23 (W.D. Tex. Sept. 3, 2021).  American Patents' final allegation, of infringement of the '803 patent, fails for a similar reason:  the complaint repeatedly references

the "IEEE 802.11-2016 Standard" without providing a copy or otherwise showing that the quotations in the complaint come from a governing standard. Without the documents cited by American Patents or even confirmation they are governing standards, Viasat cannot be on fair notice of alleged infringement.

Even assuming that American Patents' mysterious citations correctly replicate governing standards, however, its claims still fail because they do nothing to show that Viasat's accused products actually practice the accused portions of the applicable standards. To the contrary, the complaint makes allegations that are often identical to its claims against other defendants.[1] None of these boilerplate allegations tie Viasat to any allegations; instead, throughout, the complaint assumes that Viasat's products follow the cited portions of alleged standards to a T. This is insufficient. "Only in the situation where a patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1328 (Fed. Cir. 2010). Conversely, "it is not sufficient for the patent owner to establish infringement by arguing that the product admittedly practices the standard, therefore it infringes," where "an industry standard does not provide the level of specificity required to establish that practicing that standard would always result in

---

[1] *Compare, e.g.,* Compl. ¶¶ 20-24 *with American Patents v. Advantech Co., Ltd.*, No. 21-1331, Docket No. 1 ¶¶ 24-28 (W.D. Tex. Dec. 21, 2021); *American Patents LLC v. Grande Commc'ns Networks, LLC*, No. 21-1332, Docket No. 1 ¶¶ 20-24 (W.D. Tex. Dec. 21, 2021); *American Patents LLC v. Moxa Inc.*, No. 21-1335, Docket No. 1 ¶¶ 18-22 (W.D. Tex. December 21, 2021); *American Patents LLC v. Legrand SA*, No. 21-1333, Docket No. 1 ¶¶ 24-28 (W.D. Tex. December 21, 2021); *American Patents LLC v. Edimax Tech. Co., Ltd.*, No. 21-855, Docket No. 1 ¶¶ 20-24 (E.D. Tex. Oct. 25, 2021); *American Patents LLC v. Seiko Epson Corp.*, No. 21-718, Docket No. 1 ¶¶ 22-26 (E.D. Tex. Sept. 15, 2021); *American Patents LLC v. Polycom, Inc.*, No. 21-742, Docket No. 1 ¶¶ 19-23 (W.D. Tex. Jul. 20, 2021); *American Patents LLC v. Xerox Corp.*, No. 21-638, Docket No. 1 ¶¶ 22-26 (W.D. Tex. Jun. 21, 2021); *American Patents LLC v. Newell Brands Inc.*, No. 21-636, Docket No. 1 ¶¶ 21-25 (W.D. Tex. Jun. 21, 2021).

infringement," or where "the relevant section of the standard is optional, and standards compliance alone would not establish that the accused infringer chooses to implement the optional section." *Id.* at 1327-28.

American Patents' allegations fail this test. Regarding the '782 patent, the complaint alleges that "as part of the 802.11n standard, two preamble formats are defined for frames: HT-mixed format and HT-greenfield format. The non-HT and HT-mixed format preambles consist of training symbols, data symbols and guard intervals/cyclic prefixes, and the training symbols (L-STF and L-LTF fields) are and have been used for frame synchronization," which American Patents claims are infringing. Compl. ¶ 21. American Patents appears to admit that "HT-greenfield format" does *not* contain the allegedly infringing components, but does nothing to assert that Viasat's products use the other (allegedly infringing) formats.

Regarding the '304 patent, the complaint claims infringement based on the "encoder configured to process data to be transmitted within an OFDM system," but provides only a "block diagram" describing a structure through which "transmissions *can* be generated." Compl. ¶ 36. American Patents does not allege that Viasat's products are designed according to this block diagram, or even that the standard requires use of this block diagram—instead it jumps, without any support, all the way from 'this is one way to do it' to 'Viasat does it this way.' *Id.*

Regarding the '458 patent, American Patents relies on the same block diagram and this imports the same error, and compounds this error by relying on a list of cited steps (a) through (h) that the complaint presents as required, but which the cited document describes as a "possible embodiment" rather than a requirement. *Compare* Compl. ¶ 49 *with* § 20.3.21.7.4 at https://web.archive.org/web/20181024130915/http://luci.subsignal.org/~jow/802.11n-2009.pdf.

– 5 –

Finally, regarding the '803 patent, the complaint repeatedly accuses "beamforming" of infringement and cites to the "IEEE 802.11-2016 Standard" (Compl. ¶¶ 62-66), but fails to mention that "beamforming" is optional, as the complaint's own quoted material confirms by noting that, although the standard prescribes how to perform "beamforming," these rules apply only "[w]hen beamforming is used," and do not require "beamforming" itself. *Id.* ¶ 66, at 72.

"[A]llegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement." *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017). The Court should dismiss these allegations.

**B.     The Complaint's Allegations Fail on Their Own Terms**

Even if the Court were to assume that Viasat's accused devices practice each standard, and further assume that American Patents has described the standards correctly, the complaint's allegations would still not properly allege infringement.

Asserted claim 30 of the '782 patent requires both "transmitting the frame over a channel" and "receiving *the* transmitted frame." '782 at 22:32-48 (emphasis added). American Patents does not allege that any Viasat device ever transmits and receives the same frame, and for good reason: it would make no sense to do so. To the contrary, although the complaint appears to allege that a device can both transmit and receive, it also appears to admit that no device would both transmit and receive the same frame. *E.g.*, Compl. ¶ 22.

Asserted claim 1 of the '304 patent requires both "an encoder configured to process data to be transmitted within the OFDM system, the encoder further configured to separate the data

– 6 –

onto one or more transmit diversity branches (TDBs)," and "one or more OFDM modulators, each OFDM modulator connected to a respective TDB." '304 at 18:2-26. American Patents accuses "products that include 802.11n and above capabilities" (Compl. ¶ 33), but on this element alleges that backwards compatible communications can be a "transmit diversity branch," and that "the 802.11 ac standard is backwards compatible with 802.11n and 802.11a." *Id.* ¶ 36. American Patents thus uses "the 802.11 ac standard" to support its allegations against "products that include 802.11n and above capabilities." It cannot do so.

Asserted claim 1 of the '458 patent, similarly to claim 30 of the '782 patent, requires an apparatus that includes both "Q transmitting antennas, each transmitting antenna connected to a respective OFDM modulator, the transmitting antennas configured to transmit a respective frame over a channel," and "a number (L) of receiving antennas for receiving *the* transmitted frames." '458 at 18:49-60 (emphasis added). Again, American Patents does not allege that any Viasat device ever transmits and receives the same frame, and for the same good reason. Again, the complaint appears to allege that a device can both transmit and receive, while admitting that it would not both transmit and receive the same frame. *E.g.*, Compl. ¶¶ 49, 50.

Finally, asserted claim 1 of the '803 patent claims a "method for reducing interference in a receiver for receiving information in receiving time slots, in which receiver signals are received" but "when no information is being received, a reference signal representing interference in said other time slot is formed and used for the tuning of the receiver in said receiving time slots." '803 at 8:52-61. American Patents admits that this claim requires at least two "Stations" or "STAs," and accuses "MIMO systems with two STAs (i.e., STA A and STA B) using multiple antennas ('a first antenna (ANT1) and a second antenna (ANT2)') for receiving

transmitted signals." Compl. ¶ 64; *see also id.* ¶¶ 65-66.  Although American Patents admits that this claim requires *two* stations working *together*, it incorrectly alleges that a single Viasat product can infringe, and further incorrectly alleges infringement because Viasat "made, used, imported, provided, supplied, distributed, sold, and/or offered for sale" accused products.  *Id*. ¶ 62.  "[D]irect infringement under 35 U.S.C. § 271(a) requires performance of all steps of a method patent to be attributable to a single party," *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 915 (2014), and thus "a patented method may not be sold in the same way as an article or device." *Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 628 (2008).

## II.     American Patents Fails to State a Claim of Indirect Infringement

### A.     Indirect and Willful Infringement Claims Require Direct Infringement

"There can be no inducement or contributory infringement without an underlying act of direct infringement."  *BillJCo, LLC v. Apple Inc.*, No. 21-528, 2022 WL 299733, at *2 (W.D. Tex. Feb. 1, 2022) (quoting *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-134, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015)); *id.* (quoting *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 19-207, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019)) (requiring the same for willful infringement).  For this reason, the Court can dismiss the complaint in its entirety.

### B.     American Patents Fails to Allege Any Facts About Indirect Infringement

Even assuming the complaint could sustain a claim for direct infringement, its failure to provide any facts to support its indirect infringement claims—specific intent to cause infringement (required for induced infringement) and a lack of non-infringing uses (required for contributory infringement)—precludes survival of the remaining claims.

### i.  The Complaint Includes No Facts to Support Alleged Inducement

"To state a claim for relief for induced patent infringement, 'a complaint must plead facts plausibly showing that the accused infringer specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *BillJCo,* 2022 WL 299733, at *2 (alteration in original) (quoting *Lifetime Indus.*, 869 F.3d at 1376-77). American Patents pleads no such facts. Instead it submits only boilerplate, alleging that "[s]uch steps by ViaSat included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner." Compl. ¶ 72; *see id.* ¶ 82.

As this Court explained in *BillJCo*, *supra*, American Patents' reliance on boilerplate is insufficient. In *BillJCo*, this Court denied a motion to dismiss claims of post-suit induced infringement where the plaintiff provided with its complaint "exemplary guides from 'Apple Developer,' the website Apple maintains to help developers develop software for use on Apple's operating platforms (like iOS)," as well as claim "charts map limitations to, in most instances, instructions from Apple-authored documentation pulled from Apple Developer. The charts also specifically reference disclosures Apple personnel made at Apple's 2013 developers' conference." 2022 WL 299733, at *7-8. American Patents does not include anything similar; it does not even try to do so, relying instead on boilerplate language identical to its complaints against unrelated defendants. *Compare* Compl. ¶¶ 70-97 *with American Patents v. Advantech Co., Ltd.*, No. 21-1331, Docket No. 1 ¶¶ 74-101 (W.D. Tex. Dec. 21, 2021); *American Patents LLC v. Grande Commc'ns Networks, LLC*, No. 21-1332, Docket No. 1 ¶¶ 70-97 (W.D. Tex. Dec.

21, 2021). It does not provide the required "*facts* plausibly showing that the accused infringer specifically intended that another party infringe" (*BillJCo,* 2022 WL 299733, at *7 (emphasis added)), and thus fails this Court's test.[2]

### ii. The Complaint Fails to Support Contributory Inducement

"As this Court recently held, to state a claim for contributory infringement, a complaint must plead (1) knowledge of the patent, (2) knowledge of the acts alleged to be infringement, (3) that the accused infringer's component is not suitable for a substantial non-infringing use; and (4) that the accused infringer's component is material to practicing the claimed invention." *BillJCo*, 2022 WL 299733, at *8. Even assuming the complaint properly pleads the first two elements, it fails to allege the latter two.

Once again, American Patents' affirmative allegations are pure boilerplate. The complaint alleges that "[t]he accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '782 Patent, the '304 Patent, and the '458 Patent" (Compl. ¶ 87), "the special features include improved wireless communication capabilities used in a manner that infringes the '782 Patent, the '304 Patent, and the '458 Patent" (*id.* ¶ 88), and that "[t]he special features constitute a material part of the invention of one or more of the claims of the '782 Patent, the '304 Patent, and the '458 Patent and are not staple articles of commerce suitable for substantial non-infringing use." *Id.* ¶ 89. As this Court recently ruled in granting a motion to dismiss post-suit claims of contributory infringement, however, "mere boilerplate" allegations are

---

[2] American Patents cited *BillJCo* in meeting and conferring under the Court's Order Governing Proceedings, but addressed only its rejection of Apple's argument that "pre-suit knowledge of the asserted patents is a requirement of an indirect infringement claim," a holding Viasat does not challenge here. Ex. A (quoting *BillJCo*, 2022 WL 299733, at *3).

insufficient.  *BillJCo*, 2022 WL 299733, at *9.  Like the plaintiff in *BillJCo*, American Patents claims that the accused products "have no substantial noninfringing uses," but "offers nothing to support this contention."  *Id*.  Following *BillJCo*, the Court should disregard any "allegation regarding substantial noninfringing uses as conclusory."  *Id.*

Worse still for American Patents, assertions elsewhere in its complaint contradict its boilerplate claims.  For the three non-expired patents, American Patents accuses only a single Wi-Fi mode, "802.11n."  *E.g.*, Compl. ¶¶ 18, 33, 46.  But the complaint admits in the same paragraphs that the accused products are capable of other Wi-Fi modes that it does not accuse of infringement, quoting documents referring to "802.11ac/b/g/n," or to both "802.11b" and "802.11g/n."  *Id.*  The complaint alleges that "the 802.11 ac standard is backwards compatible with 802.11n and 802.11a" (*id.* ¶¶ 36, 48), but, tellingly, does not so allege regarding "802.11b" and "802.11g."  *See generally id.*  As this Court recently explained, plaintiff's complaint must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."  *BillJCo*, 2022 WL 299733, at *3 (quoting *Artrip*, 735 F. App'x at 713).  By confirming in its own pleading the existence of multiple "substantial non-infringing uses," *supra*, American Patents has done the opposite.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the complaint in its entirety.

Date:  March 28, 2022                    Respectfully submitted,


                                        */s/ B. Russell Horton*
                                        B. Russell Horton (Texas Bar No. 10014450)
                                        **George Brothers Kincaid & Horton, LLP**
                                        114 West 7th Street, Suite 1100
                                        Austin, Texas, 78701
                                        +1 (512) 495-1400

       +1 (512) 499-0094 facsimile
       rhorton@gbkh.com

       Matthew S. Warren
       Jennifer A. Kash *(admission pending)*
       Erika Warren
       Francesca M. S. Germinario *(admission pending)*
       **Warren Lex LLP**
       2261 Market Street, No. 606
       San Francisco, California, 94114
       +1 (415) 895-2940
       +1 (415) 895-2964 facsimile
       21-1337@cases.warrenlex.com

       *Attorneys for Defendant Viasat, Inc.*

## CERTIFICATE OF SERVICE

    I certify that on March 28, 2022, I served the foregoing Motion to Dismiss by Defendant Viasat, Inc. for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) by electronic filing on counsel of record registered as CM/ECF users.

       */s/ B. Russell Horton*
       B. Russell Horton

## CERTIFICATE OF COMPLIANCE AND CONFERENCE

    I certify that counsel for both parties met and conferred regarding plaintiff American Patents LLC's claims for indirect and willful infringement in compliance with Section IV of the Court's Order Governing Proceedings.

       */s/ B. Russell Horton*
       B. Russell Horton