# EXHIBIT A



## American Patents v. Viasat | Meet and Confer Regarding Indirect and Willful Infringement Claims

**Ryan Pinckney** <ryan@ahtlawfirm.com>                                    Fri, Mar 25, 2022 at 9:03 AM
To: Francesca Germinario <francesca@warrenlex.com>, Matt Antonelli <matt@ahtlawfirm.com>, Zac Harrington <zac@ahtlawfirm.com>, Larry Thompson <larry@ahtlawfirm.com>, Stafford Davis <sdavis@stafforddavisfirm.com>, Catherine Bartles <cbartles@stafforddavisfirm.com>
Cc: Russ Horton <rhorton@gbkh.com>, Taline Manassian <tmanassian@gbkh.com>, "American Patents LLC v. Viasat Inc" <21-1337@cases.warrenlex.com>

Hi Francesca,

American would agree to filing a joint notice of partial dismissal of American's claims of pre-filing indirect and willful infringement, without prejudice, with leave to re-plead those allegations with specificity within three months after fact discovery opens.  But American would not agree to dismiss claims of post-filing indirect and willful infringement, particularly in light of the Court's recent decision in *BillJCo, LLC v. Apple, Inc*.  No. 6:21-cv-528-ADA, Dkt. 44 at 10 (W.D. Tex. Feb. 1, 2022) ("Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct.  So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements and sufficiently plead a post-filing/post-suit willful infringement claim."); *id.* at 12 (rejecting proposition that "pre-suit knowledge of the asserted patents is a requirement of an indirect infringement claim.").

American proposes submitting a joint notice stating the following:

> Pursuant to the Court's Standing Order Governing Proceedings (version 4.0), American agrees to dismissal of its claims of pre-filing indirect and willful infringement, without prejudice, with leave to re-plead those allegations with specificity within three months after fact discovery opens.  But American does not agree to dismiss its claims of post-filing indirect and willful infringement.

Please let us know if you would like to discuss.

Best,

Ryan Pinckney

Antonelli, Harrington & Thompson LLP

4306 Yoakum Blvd., Ste. 450

Houston, Texas 77006

(713) 581-3019 (direct)

(713) 581-3020 (fax)

www.ahtlawfirm.com

ryan@ahtlawfirm.com

**From:** Francesca Germinario <francesca@warrenlex.com>
**Sent:** Thursday, March 24, 2022 6:38 PM
**To:** Matt Antonelli <matt@ahtlawfirm.com>; Zac Harrington <zac@ahtlawfirm.com>; Larry Thompson <larry@ahtlawfirm.com>; Ryan Pinckney <ryan@ahtlawfirm.com>; Stafford Davis <sdavis@stafforddavisfirm.com>; Catherine Bartles <cbartles@stafforddavisfirm.com>
**Cc:** Russ Horton <rhorton@gbkh.com>; Taline Manassian <tmanassian@gbkh.com>; American Patents LLC v. Viasat Inc <21-1337@cases.warrenlex.com>
**Subject:** American Patents v. Viasat | Meet and Confer Regarding Indirect and Willful Infringement Claims

*External Sender*

Counsel—I write regarding American Patents' allegations of indirect and willful infringement in this matter. As I'm sure you know, the Court's Order Governing Proceedings states that:

> any party seeking to dismiss claims of indirect or willful infringement before fact discovery must first meet and confer with the opposing party to discuss dismissing those allegations without prejudice, with leave to re-plead those allegations with specificity, if supported by a good faith basis under Rule 11, within three months after fact discovery opens while permitting fact discovery on indirect and willful infringement during those three months."

OGP version 4.0, Section VI at 5. Viasat has reviewed American Patents' allegations of indirect and willful infringement, believes that they are insufficient, and would therefore be inclined to move to dismiss them.

Rather than do that, however, we are happy to take the Court's suggested path, and agree with you that you will dismiss these allegations without prejudice, with leave to re-plead with specificity, if supported by a good faith basis under Rule 11, within three months after fact discovery opens while permitting fact discovery on indirect and willful infringement during those three months. Can you please confirm your agreement with the Court's suggested path? Once you do, we will prepare appropriate papers to effectuate this agreement. In light of the Court's preference for resolving this issue, we hope that we can quickly agree, and would appreciate your response as soon as possible in light of our upcoming Rule 12 deadline on Monday, March 28.

Of course, if you would like to discuss this matter further, we would be happy to do so; let us know when you are available today or tomorrow.

Please include our case distribution list, cc'd here, on all emails so I can be sure someone on our team receives it. Thank you for your continued time and courtesy in this matter.

Thanks,
Francesca


--

Francesca Germinario     francesca@warrenlex.com     +1 (415) 895-2942