IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-1337-ADA |
| | § | |
| VIASAT, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT
VIASAT, INC. FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      American Patents Cannot Recast Standards as "Implementations" of Standards. . . . . . . 1

II.     American Patents Cannot Use Its Opposition Brief to Fill the Holes in Its Complaint . . . 3

III.    American Patents Cannot Cure the Contradictions in Its Complaint . . . . . . . . . . . . . . . . 5

IV.    American Patents Failed to Plead Indirect Infringement Under *BillJCo* . . . . . . . . . . . . . . 6

V.     The Court Should Not Allow Discovery Before Any Leave to Amend . . . . . . . . . . . . . . . 7

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# **TABLE OF AUTHORITIES**

*Cases* **Pages**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................. 2

*Atlas IP, LLC v. Exelon Corp.,*
    189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom., Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017)................................. 4, 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................. 8

*BillJCo, LLC v. Apple Inc.,*
    No. 14-134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ..................... 6, 7

*Davis v. DRRF Tr.,*
    No. 15-0880, 2016 WL 8257126 (W.D. Tex. Jan 6, 2016) ..................... 3, 6

*De La Vega v. Microsoft Corporation,*
    No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ....................... 2

*Fujitsu Ltd. v. Netgear, Inc.,*
    620 F.3d 1321 (Fed. Cir. 2010) .................................................... 2

*IOENGINE, LLC v. PayPal Holdings, Inc.,*
    No. 18-452, 2019 WL 330515 (D. Del. Jan. 25, 2019) ........................... 5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.,*
    869 F.3d 1372 (Fed. Cir. 2017)..................................................... 8

*Yager v. Stroman,*
    No. 17-217, 2020 WL 2615759 (W.D. Tex. May 22, 2020) ..................... 3, 6

*Other Proceedings*

*American Patents LLC v. Advantech Co., Ltd.,*
    No. 21-1331 (W.D. Tex. Dec. 21, 2021) .......................................... 6

*American Patents LLC v. Edimax Tech. Co., Ltd.,*
    No. 21-855 (E.D. Tex. Oct. 25, 2021) ............................................. 6

*American Patents LLC v. Grande Commc'ns Networks, LLC,*
    No. 21-1332 (W.D. Tex. Dec. 21, 2021) .......................................... 6

*American Patents LLC v. Legrand SA,*
    No. 21-1333 (W.D. Tex. Dec. 21, 2021) .......................................... 6

## **TABLE OF AUTHORITIES**

*Other Proceedings  (continued)* **Pages**

*American Patents LLC v. Moxa Inc.*,
    No. 21-1335 (W.D. Tex. Dec. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*American Patents LLC v. Newell Brands Inc.*,
    No. 21-636 (W.D. Tex. Jun. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*American Patents LLC v. Polycom, Inc.*,
    No. 21-742 (W.D. Tex. Jul. 20, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*American Patents LLC v. Seiko Epson Corp.*,
    No. 21-718 (E.D. Tex. Sept. 15, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*American Patents LLC v. Xerox Corp.*,
    No. 21-638 (W.D. Tex. Jun. 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**INTRODUCTION**

Viasat's motion and American Patents' opposition are ships passing in the night: American Patents does not engage with Viasat's arguments, but avoids them. Viasat explained that the complaint accused standards rather than Viasat's products; American Patents responds by trying to redefine the accused standards as "implementations." Viasat noted that the complaint relied on optional portions of accused standards; American Patents responds with misdirection, claiming that the accused functionality must have "an encoder" while ignoring the specifics of the claims, and stating that "an article" from an Internet publication can override the standards themselves. Viasat explained how the complaint did not address the requirement, found in three of the four asserted claims, of transmitting and receiving the same information; American Patents responds by assuming a second device participates in infringement, a theory which appears nowhere in the complaint. Finally, Viasat explained how the complaint's boilerplate assertions, identical to many other cases, failed to meet this Court's pleading standard for indirect infringement; American Patents responds by claiming its boilerplate is not boilerplate, and asking the Court not to look at what it has done elsewhere. Viasat's motion showed fatal failures in the complaint; the opposition fails to rebut its points. The Court should dismiss the complaint.

**ARGUMENT**

**I.      American Patents Cannot Recast Standards as "Implementations" of Standards**

Viasat's motion to dismiss explained that American Patents failed to "show that Viasat's accused products actually practice the accused portions of the applicable standards," and relied on "allegations that are often identical to its claims against other defendants." Mot. at 4 & n.1. In response, American Patents claims that "American's complaint pleads that Viasat's particular

– 1 –

*implementations* of certain wireless standards are covered by the asserted claims," implying that the complaint addresses the particular ways that Viasat implements various standards.  Opp. at 4 (emphasis in original); *see id.* at 4-5.  But the complaint does nothing of the kind, as American Patents' own examples confirm:  the first is simply 'follow one set of standards using three antennas,' and the second is 'follow another set of standards using three antennas'; neither example "implementation" implements anything at all beyond using three antennas.  *See* Opp. at 4.  Indeed, American Patents admits that using three antennas cannot be a particular "implementation" of the accused standards, because it alleges that the standards require use of three antennas.  *See id.*  Neither the complaint nor the opposition brief describes any actual "implementation" by Viasat of any particular standard, certainly not the "implementation" described by the Court of Appeals in *Fujitsu Ltd. v. Netgear Inc.*:  "Only in the situation where a patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance."  620 F.3d 1321, 1328 (Fed. Cir. 2010).[1]  American Patents cannot recast its standards-based pleadings as covering Viasat's specific implementation by simply redefining "implementation" to mean any use of a particular standard.  The opposition's attempt to do so must fail.

---

[1] American Patents tries to avoid *Fujitsu* by arguing that it concerns summary judgment, not a motion to dismiss.  Opp. at 5.  But a plaintiff cannot "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" if those allegations, if true, would necessarily fail on summary judgment.  *De La Vega v. Microsoft Corporation*, No. 19-612, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  By pleading allegations that would fail the test of *Fujitsu* even if true, that is precisely what American Patents seeks to do here.

**II.   American Patents Cannot Use Its Opposition Brief to Fill the Holes in Its Complaint**

Viasat's motion raised additional gaps in the complaint which American Patents tries to fill in its opposition. That is not how federal litigation works. Viasat explained that the complaint did not allege infringement of the '782 patent by the "HT-greenfield format" (Mot. at 5); American Patents responds that Viasat should have deduced allegations of infringement from details of a "screenshot," otherwise unremarked, in its complaint. Opp. at 6. Assuming this argument is correct, it serves only to show a failure in the complaint. The opposition next argues that the "complaint does contend that Viasat products use the HT-mixed format," but provides no citation, and appears to rely on the implication that it would "make[] sense" for Viasat to do so. *Id.* at 6-7. The complaint contains no such allegation, and the Court cannot consider "new claims or theories of liability presented for the first time in a plaintiff's response" to a motion to dismiss. *Yager v. Stroman*, No. 17-217, 2020 WL 2615759, at *10 (W.D. Tex. May 22, 2020) (citing *Davis v. DRRF Tr.*, No. 15-880, 2016 WL 8257126, at *3 (W.D. Tex. Jan. 6, 2016)).

Viasat further explained that, in allegations against the '304 and '458 patents, the complaint alleged "infringement based on the 'encoder configured to process data to be transmitted within an OFDM system,' but provides only a 'block diagram' describing a structure through which 'transmissions can be generated.'" Mot. at 5 (quoting Compl. ¶ 36). American Patents does not address Viasat's actual argument, but claims that "An Encoder Is Not Optional," implying that the Court should assume the accused products include an "Encoder." Opp. at 7. But this assertion appears nowhere in the complaint, and for good reason: the '304 patent requires a very specific "encoder configured to process data to be transmitted within the OFDM system, the encoder further configured to separate the data onto one or more transmit diversity

branches (TDBs)" ('304 at 18:4-7) and the '458 patent requires "a number (Q) of Orthogonal Frequency Division Multiplexing (OFDM) modulators, each OFDM modulator producing a frame having at least one inserted symbol, a plurality of data symbols, and cyclic prefixes" ('458 at 18:51-54), not a generic "Encoder."  American Patents claims the accused products include these specific elements by citing to a portion of the standard that is, on its face, optional.  *See* Compl. ¶¶ 36, 49.

Viasat further explained that, in allegations regarding the '458 patent, American Patents relied on a list of cited steps (a) through (h) that the complaint presents as required, but which the cited document describes as a "possible embodiment" rather than a requirement.  *See* Mot. at 5.  Again, American Patents claims that Viasat has compared the wrong steps (*See* Opp. at 7-8), but fails to address Viasat's actual argument, that American Patents simply ignores that its complaint twice rests its allegations on language that the standard calls "A possible embodiment."  Mot. at 5.  The words "A possible embodiment" appear in the opposition, but American Patents omitted them from the complaint.  *Compare* Opp. at 8 *with* Compl. ¶¶ 52, 54.

Finally, Viasat explained that the complaint accused "beamforming" of infringement, and cited to the "IEEE 802.11-2016 Standard" but failed to mention the standard's repeated references to beamforming being optional (e.g., "*[w]hen* beamforming is used.")  Mot. at 6 (emphasis added).  American Patents responds that the complaint referenced "an article" in an Internet publication stating otherwise.  Opp. at 8-9.  At most, however, this article implies that infringement might occur, and thus cannot be sufficient.  "[A]llegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement."  *Atlas IP, LLC v.*

– 4 –

*Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017). That is so here.[2]

### III. American Patents Cannot Cure the Contradictions in Its Complaint

As Viasat explained in its motion, three of the four claims asserted in the complaint require either a device to transmit or receive the same frame (which would make no sense) or multiple devices to act in concert (which American Patents did not allege). *See* Mot. at 6-8. Once again, the opposition does not address Viasat's actual argument, but takes two contradictory tacks to avoid it. American Patents first claims that it need not respond because Viasat has identified only "isolated limitations of the asserted patents," not a basic structural flaw in its allegations. Opp. at 9. American Patents later acknowledges the flaw and claims its complaint is nevertheless sufficient, because it pleaded the possibility of multiple devices by setting forth "a plausible theory of direct infringement at least based on Viasat's direction or control of their affiliates and end-users." Opp. at 12. But the complaint says nothing of the sort, making instead only boilerplate allegations that do not support allegations of joint infringement. *See id.* (citing Compl. ¶¶ 1, 4, 5). The opposition cites *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, 2019 WL 330515, at *3 (D. Del. Jan. 25, 2019), and states that "[i]n *IOENGINE*, similar allegations were sufficient to plead a claim of joint infringement between the defendant and its customers." Opp. at 13. But the allegations here are not "similar" to *IOENGINE* at all; as that court explained, the plaintiff alleged specific joint actions directly related to infringement, not the prefatory boilerplate in American Patents' complaint. *See* 2019

---

[2] American Patents argues that Viasat's motion claimed only that the complaint failed to state "a claim of direct infringement against Viasat." Opp. at 13. This misreads the motion, which argues that the complaint fails to plausibly allege direct infringement *by anyone*. Mot. § I.

– 5 –

WL 330515, at *2. Again, the Court cannot consider these "new claims or theories of liability presented for the first time in a plaintiff's response" to a motion to dismiss. *Yager*, 2020 WL 2615759, at *10 (citing *Davis,* 2016 WL 8257126, at *3).

## IV. American Patents Failed to Plead Indirect Infringement Under *BillJCo*

Viasat's motion explained that the complaint failed to plead either induced or contributory infringement under this Court's standard, set forth most recently in *BillJCo, LLC v. Apple Inc.*, No. 21-528, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022). *See* Mot. at 9-11. Comparing the complaint's allegations to the Court's detailed discussion in *BillJCo*, the complaint's boilerplate allegations do nothing to provide the required "facts plausibly showing that the accused infringer specifically intended that another party infringe." Mot. at 10 (quoting *BillJCo*, 2022 WL 299733, at *7); *see id.* at 9-11. Once again, American Patents' opposition does not engage with Viasat's actual arguments, or this Court's holding in *BillJCo*. The opposition argues that the complaint provided "several pages of factual allegations supporting its indirect infringement claims" (Opp. at 15 (citing Compl. ¶¶ 69-97)), without acknowledging that those paragraphs were entirely boilerplate, contain no factual allegations specific to Viasat's products, and fail to explain how they indirectly infringe.[3]

---

[3] *See* Mot. at 10; *compare, e.g.,* Compl. ¶¶ 69-97 *with American Patents v. Advantech*, No. 21-1331, Docket No. 1 ¶¶ 73-101 (W.D. Tex. Dec. 21, 2021); *American Patents LLC v. Grande Commc'ns Networks, LLC*, No. 21-1332, Docket No. 1 ¶¶ 69-97 (W.D. Tex. Dec. 21, 2021); *American Patents LLC v. Moxa Inc.*, No. 21-1335, Docket No. 1 ¶¶ 58-86 (W.D. Tex. Dec. 21, 2021); *American Patents LLC v. Legrand SA*, No. 21-1333, Docket No. 1 ¶¶ 73-101 (W.D. Tex. Dec. 21, 2021); *American Patents LLC v. Edimax Tech. Co., Ltd.*, No. 21-855, Docket No. 1 ¶¶ 69-97 (E.D. Tex. Oct. 25, 2021); *American Patents LLC v. Seiko Epson Corp.*, No. 21-718, Docket No. 1 ¶¶ 71-99 (E.D. Tex. Sept. 15, 2021); *American Patents LLC v. Polycom, Inc.*, No. 21-742, Docket No. 1 ¶¶ 59-87 (W.D. Tex. Jul. 20, 2021); *American Patents LLC v. Xerox Corp.*, No. 21-638, Docket No. 1 ¶¶ 72-100 (W.D. Tex. Jun. 21, 2021); *American Patents LLC v. Newell Brands Inc.*, No. 21-636, Docket No. 1 ¶¶ 71-99 (W.D. Tex. Jun. 21, 2021).

Viasat's motion explained that, like the plaintiff in *BillJCo*, the complaint here claims that the accused products "have no substantial noninfringing uses," but "offers nothing to support this contention." Mot. at 10-11 (quoting *BillJCo*, 2022 WL 299733, at *9). Here as there, "mere boilerplate" allegations are insufficient. *Id.* Seeking to save its allegations of contributory infringement, American Patents claims that the complaint "did not identify the entire router and all of its capabilities as a material part of the invention with no substantial noninfringing use, but only the router's 'improved wireless communication capabilities' including '802.11n and above capabilities.'" Opp. at 19 (citing Compl. ¶¶ 18, 33, 46, 87, 88, 89). But three of these paragraphs are, again, pure boilerplate (Compl. ¶¶ 87-89), and the remaining three merely state that the accused products "include 802.11n and above capabilities." *Id.* ¶¶ 18, 33, 46. Nowhere does the complaint state that "include 802.11n and above capabilities" is what paragraphs 87-89 meant by "improved wireless communication capabilities"—American Patents makes that connection for the first time in its opposition brief. And nowhere does the complaint allege that "802.11n and above capabilities," whatever that actually means, contain no non-infringing use. Nor could it, since even American Patents does not claim that its allegations read on *all* uses of an "802.11n [or] above" standard. *See, e.g.*, Opp. at 4. Even assuming it is reasonable to plead that the "802.11n and above capabilities" are a single "component" of the accused products, the complaint has still failed to plead "that the accused infringer's component is not suitable for a substantial non-infringing use." *BillJCo*, 2022 WL 299733, at *8.

V.  **The Court Should Not Allow Discovery Before Any Leave to Amend**

American Patents requests leave to amend upon dismissal (s*ee* Opp. at 20), which Viasat does not oppose. But American Patents also requests "the opportunity to take relevant discovery

prior to amendment," which the Court should not allow. *Id.* American Patents cites no authority for this request, and none exists: to the contrary, Rule 12 requires a plaintiff to plead "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see, e.g.*, *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017) (citing *Twombly*, 550 U.S. at 556). American Patents cannot put the cart before the horse and burden Viasat with discovery requests before it shows it has even a plausible claim for relief.

## CONCLUSION

For the foregoing reasons and those stated in its motion, Viasat respectfully requests that the Court grant its motion and dismiss American Patents' complaint.

Date: April 18, 2022                        Respectfully submitted,

                                                        */s/ B. Russell Horton*
B. Russell Horton (Texas Bar No. 10014450)
**George Brothers Kincaid & Horton, LLP**
114 West 7th Street, Suite 1100
Austin, Texas, 78701
+1 (512) 495-1400
+1 (512) 499-0094 facsimile
rhorton@gbkh.com

Matthew S. Warren
Jennifer A. Kash *(admission pending)*
Erika H. Warren
Francesca M. S. Germinario
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-1337@cases.warrenlex.com

*Attorneys for Defendant Viasat, Inc.*

## CERTIFICATE OF SERVICE

    I certify that on April 18, 2022, I served the foregoing Reply in Support of Motion to Dismiss by Defendant Viasat, Inc. for Failure to State a Claim Under Fed. R. CIV. P. 12(b)(6) by electronic filing on counsel of record registered as CM/ECF users.

                                                 */s/ B. Russell Horton*
                                                 B. Russell Horton