IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | CIVIL ACTION NO. 6:21-cv-1337-ADA<br><br>**JURY TRIAL DEMANDED** |

## CASE READINESS STATUS REPORT

Plaintiff American Patents LLC ("Plaintiff") and Defendant Viasat, Inc. ("Defendant"), hereby provide the following status report in advance of the initial Case Management Conference (CMC).

## SCHEDULE

A scheduling order has not yet been filed.

## FILING AND EXTENSIONS

Plaintiff's Original Complaint was filed on December 21, 2021. (Dkt. # 1). There has been one extension for a total of 45 days.

## RESPONSE TO THE COMPLAINT

On March 28, 2022, Defendant filed its Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6). (Dkt. #13). On April 11, 2022, Plaintiff filed its Opposition to Defendant's Motion to Dismiss. (Dkt. #14). On April 18, 2022, Defendant filed its Reply. (Dkt. # 16).

## PENDING MOTIONS

There is one pending motion before the Court in this matter: Defendant's March 28, 2022 motion to dismiss the complaint. (Dkt. # 13).

## RELATED CASES IN THIS JUDICIAL DISTRICT

The following are the CRSR Related Cases filed in this Court that involve the same plaintiff and at least three of the same four asserted patents in this case:

- 6-21-cv-01331 (dismissed)
- 6-21-cv-01332
- 6-21-cv-01333
- 6-21-cv-01334 (dismissed)
- 6-21-cv-01335 (dismissed)
- 6-21-cv-01336

## IPR, CBM, AND OTHER PGR FILINGS

There are no known live IPR, CBM, or other PGR filings involving the asserted patents, and no prior IPR, CBM, or other PGR filings involving the asserted patents has resulted in a Final Written Decision.

## NUMBER OF ASSERTED PATENTS AND CLAIMS

Plaintiff has asserted four patents, U.S. Patent Nos. 7,088,782, 7,310,304, 7,706,458, and 6,847,803. The deadline for Plaintiff to serve its Preliminary Infringement Contentions has not yet passed. Plaintiff hereby states that it asserts 73 total claims from those four patents: 38 claims from U.S. Patent No. 7,088,782 (Claims 1-12, 14-19, 23-24, 30-38, 40, and 44-51); 15 claims from U.S. Patent No. 7,310,304 (Claims 1-10, 11-13, 21, and 22); 19 claims from U.S. Patent No. 7,706,458 (Claims 1-9, 11-14, 16, 17, and 19-22); and 1 claim from U.S. Patent No. 6,847,803 (Claim 1).

## APPOINTMENT OF TECHNICAL ADVISER

Plaintiff requests a technical adviser to be appointed to the case to assist the Court with claim construction issues.

Defendant does not request a technical adviser in this matter.

## MEET AND CONFER STATUS

**Joint Statement:** Plaintiff and Defendant met and conferred. The parties have agreed to accept service by email on counsel for Viasat at the email addresses 21-1337@cases.warrenlex.com; rhorton@gbkh.com; and tmanassian@gbkh.com; and counsel for American at the email addresses zac@ahtlawfirm.com; larry@ahtlawfirm.com; matt@ahtlawfirm.com; ryan@ahtlawfirm.com; sdavis@stafforddavisfirm.com; and cbartles@stafforddavisfirm.com.

The parties agree to submit a joint motion for protective order on or before June 29, 2022.

The parties have a dispute regarding remote depositions, set forth below.

**Plaintiff's Statement:** American proposes that any party may take a deposition by videoconference, telephone, or other remote means, rather than in person, and that an attorney defending such a deposition may appear in person or via videoconference, telephone, or other remote means, at his or her option, as may any other attorney that wishes to appear at that deposition.

**Defendant's Statement:** This issue is not ripe, and the Court need not waste time deciding it. In light of the constantly changing facts of the pandemic, Viasat suggested that the parties discuss this issue once depositions were on the horizon, so that their discussions could take the current situation into account rather than try to guess at it. American Patents insisted on bringing this issue to the Court's attention now.

The Court can and should ignore this issue and allow the parties to continue discussions, informed by ongoing events.  Should the Court wish to resolve this issue now and set deposition procedures for this case, it should not choose American Patents' proposal, which maximizes convenience for attorneys at the expense of witnesses.  Any rules for depositions should follow the usual practice of maximizing choice and convenience for witnesses, not attorneys:  if a witness wants a remote deposition, the lawyers should ensure they get a remote deposition, and if a witness wants an in-person deposition, the lawyers should ensure they get as close to an in-person deposition as possible under the current circumstances.

To do so, the Court should allow each witness to choose whether to appear remotely or in-person.  If a witness chooses to appear remotely, the witness will ensure that he or she testifies in a quiet room with an appropriate backdrop, and will provide a computer with a camera to allow for electronic review of exhibits and videoconferencing and videotaping of the deposition.  Questioning counsel will arrange for a remote videographer and court reporter.  All other attendees will appear remotely and arrange to share exhibits electronically.

If a witness chooses to appear in person, the witness may choose to arrange for a deposition room and web camera, or else questioning counsel will do so.  Questioning counsel will arrange for a videographer and court reporter, who may be remote or in-person.  All other attendees may appear remotely or in-person at their option, and will arrange to provide hardcopy exhibits to the witness and any in-person attendees.

**Joint Statement:**  The parties have no other issues to raise at this time.

Dated: June 3, 2022                                   Respectfully submitted,

/s/ *Zachariah S. Harrington*
Matthew J. Antonelli
Texas Bar No. 24068432

matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
815 South Broadway Avenue
Tyler, Texas 75701
(903) 593-7000
(903) 705-7369 fax

*Attorneys for American Patents LLC*


/s/ *B. Russell Horton*
B. Russell Horton (Texas Bar No. 10014450)
**George Brothers Kincaid & Horton, LLP**
114 West 7th Street, Suite 1100
Austin, Texas, 78701
+1 (512) 495-1400
+1 (512) 499-0094 facsimile
rhorton@gbkh.com

Matthew S. Warren
Jennifer A. Kash (*admission pending*)
Erika H. Warren
Francesca M.S. Germinario
**Warren Lex LLP**

5

>2261 Market Street, No. 606
>San Francisco, California, 94114
>+1 (415) 895-2940
>+1 (415) 895-2964 facsimile
>21-1337@cases.warrenlex.com
>
>*Attorneys for Defendant Viasat, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>By: */s/ Zachariah S. Harrington*
>Zachariah S. Harrington